UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BROTHERHOOD MUTUAL INSURANCE
COMPANY,

         Plaintiff,

    v.

NATHAN ROGERS and JESSICA
DODGE as Parent and Natural Guardian
of "G.B.", an Infant,

         Defendants.
_____

20-CV-1295-LJV
DECISION & ORDER

On September 14, 2020, Brotherhood Mutual Insurance Company ("Brotherhood Mutual") commenced this action against Jessica Dodge, as Parent and Natural Guardian of "G.B." an Infant, and Nathan Rogers. Docket Item 1. Brotherhood Mutual seeks a judgment declaring that it is not obligated to defend or indemnify Rogers in connection with a personal injury action brought against him by Dodge in New York State Supreme Court, Erie County (the "Underlying Action"). *Id.* Dodge answered the complaint, *see* Docket Item 5, but Rogers did not answer or otherwise respond, and his default was entered by the clerk on December 16, 2020, Docket Item 17.

Brotherhood Mutual and Dodge both moved for summary judgment, Docket Items 19 and 20, and both responded to the other's motion and replied, Docket Items 21-24. This Court then heard oral argument on November 10, 2022. Docket Items 27 and 32. Rogers was served with the plaintiff's motion for summary judgment against him, *see* Docket Item 19-10; *see also* Docket Item 32 at 3, but he did not respond, *see id*.

Because this Court was concerned about entering judgment that might adversely affect Rogers without his input, at oral argument it instructed counsel for the other parties to ensure that Rogers's attorney in the Underlying Action knew about both this action and the summary judgment motions.  *See id.* at 14-15.  That was done, *see* Docket Item 29, and an attorney entered an appearance on behalf of Rogers, *see* Docket Item 28.  But Rogers's attorney later advised that he would not respond to the summary judgment motion.  *See* Docket Item 30.

At the close of oral argument, the Court asked Dodge for "a pleading that gives [the Court] every single provision" in the insurance policy under which she contends there is coverage, as well as where the complaint in the Underlying Action makes claims "that give rise to [that] coverage."  Docket Item 32 at 16.  The Court then scheduled dates by which Brotherhood Mutual could respond and Dodge could reply. *Id*.

But Dodge and Brotherhood Mutual never made those filings.  Instead, on December 28, 2022, Dodge filed a notice indicating that she "no longer opposes [Brotherhood Mutual's] [m]otion for [s]ummary [j]udgment declaring that [] Brotherhood Mutual has no defense or indemnity obligations with respect to Nathan Rogers in the Underlying Action and permitting Brotherhood Mutual to withdraw from Nathan Rogers'[s] defense in the Underlying Action."  Docket Item 34.

Based on that notice, given Rogers's default, and for the reasons that follow, Brotherhood Mutual's motion for summary judgment, Docket Item 19, is granted, and Dodge's motion for summary judgment, Docket Item 20, is denied.

**PROCEDURAL BACKGROUND**

The Underlying Action, *Jessica Dodge, as Parent and Natural Guardian of "G.B.", an Infant, v. Nathan L. Rogers and Life Church f/k/a The Life Giving Church*, was commenced in New York State Supreme Court, Erie County, on July 24, 2020. Docket Item 1-1. In the Underlying Action, Dodge alleged that Rogers was an employee of Life Church f/k/a The Life Giving Church ("Life Church"), Docket Item 1-1 at ¶ 15, and that on July 31, 2019, Rogers recorded the infant plaintiff, G.B., while she was changing her clothes in his trailer at a church-sponsored event, *id.* at ¶ 8. On September 1, 2020, Brotherhood Mutual advised Rogers that it would defend him in the Underlying Action "subject to a full reservation of rights to disclaim coverage, withdraw the defense, and to commence a declaratory judgment action to determine the rights of the parties." Docket Item 1 at ¶ 21.

Dodge filed an amended complaint on August 16, 2021, alleging that by his negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress, Rogers caused G.B. to suffer serious "injuries, damages[,] and harm," Docket Item 20-3 at ¶ 19, which the amended complaint detailed, *id*. at ¶¶ 25, 32.[1] Rogers and Life Church both answered the amended complaint, Docket Items 20-4 and 20-5, and as of November 10, 2022, paper discovery in the Underlying Action was complete and depositions were scheduled to begin soon, *see* Docket Item 32 at 15.

---

[1] The amended complaint in the Underlying Action also brought five causes of action against Life Church for intentional infliction of emotional distress and negligence. *See* Docket Item 20-3.

**FACTUAL ALLEGATIONS**[2]

Brotherhood Mutual issued a commercial package policy, including "General Liability Coverage" and "Sexual Acts Liability Coverage," to Life Church for the period July 1, 2019, to July 1, 2020 (the "Policy").  Docket Item 19-1 at ¶¶ 1-2.  With respect to General Liability Coverage, the Policy provides:

> **COVERAGE L – BODILY INJURY LIABILITY**
> **PROPERTY DAMAGE LIABILITY**
>
> **We** pay all sums which an **insured** becomes legally obligated to pay as **damages** due to **bodily injury** or **property damage** to which this insurance applies. The **bodily injury** or **property damage** must be caused by an **occurrence** which takes place in the **coverage territory**, and the **bodily injury** or **property damage** must occur during the policy period.
>
> **5. Bodily injury** means bodily harm, sickness[,] or disease sustained by a person and includes required care and loss of services. **Bodily injury** includes death that results from bodily harm, sickness, or disease. **Bodily injury** does not include mental or emotional injury, suffering, or distress that does not result from a physical injury.
>
> **15. Occurrence** means an accident and includes repeated exposure to similar conditions.

Docket Item 1-2 at 29-31 (emphasis in original).  The Policy further provides the following exclusion with respect to general liability coverage:

---

[2] For purposes of this now-unopposed motion for summary judgment, the Court accepts as true the facts alleged in the complaint, Docket Item 1, as well as in Brotherhood Mutual's Statement of Undisputed Facts, Docket Item 19-1.  *I.B.E.W. Local No. 910 Welfare, Annuity, and Pension Funds v. Dexelectrics, Inc.*, 98 F.Supp.2d 265, 270 (N.D.N,Y, 2000) (accepting allegations in the complaint and uncontested statements of fact as true for purposes of unopposed motion for summary judgment); *Onondaga County Laborers' Health, Welfare, Pension, Annuity and Training Funds v. Sal Masonry Contractors, Inc.*, No. 91-CV-0466, 1992 WL 75051, at *4 (N.D.N.Y. Apr. 7, 1992) (accepting as true plaintiff's uncontested allegations in statement of undisputed facts).

**EXCLUSIONS THAT APPLY TO BODILY INJURY
AND PROPERTY DAMAGE**

1. **We** do not pay for **bodily injury** or **property damage**:

   a. which is expected by, directed by, or intended by the **insured**; or

   b. that is the result of intentional and malicious acts of the **insured**.

   This exclusion does not apply to **bodily injury** that arises out of the use of reasonable force to protect people or property.

*Id.* at 34 (emphasis in original). With respect to Sexual Acts Liability Coverage, the Policy provides:

**SEXUAL ACTS LIABILITY COVERAGE**

**We** pay all sums that a **covered person** becomes legally obligated to pay as **damages** due to **bodily injury, personal injury**[,] or **emotional injury** to which this coverage applies. The event or events causing the **bodily injury** or **emotional injury**:

   a. must constitute a **sexual act** arising out of the operation of **your** organization; and

   b. must take place in the **coverage territory** during the **policy period**.

The event or events causing the **personal injury**:

   a. must constitute, or result directly from[,] a **sexual act** arising out of the operation of **your** organization; and

   b. must take place in the **coverage territory** during the **policy period**.

*Id.* at 199 (emphasis in original). The policy also provides the following defense coverage with respect to the alleged perpetrator of a sexual act:

### DEFENSE COVERAGE: ALLEGED PERPETRATOR

The commission of a **sexual act** will not be considered to have occurred within the scope of anyone's delegated authority, but if a person otherwise covered herein denies involvement in the **sexual act**, then **we** will provide the alleged perpetrator with the following limited Defense Coverage:

**We** agree to provide the Defense Coverage in the applicable Commercial Liability Coverage Form of the policy to **alleged perpetrators**, but only with respect to an alleged **sexual act** which occurs in the **coverage territory** during this **policy period**, and only[] if, at the time suit is filed against the **alleged perpetrator**[,] none of the following events have occurred:

a. the alleged perpetrator has been determined/declared by any branch of the federal, state or local government to have committed the sexual act; or

b. a verdict has been rendered against the **alleged perpetrator** in a civil court in relation to the **sexual act;** or

c. the **alleged perpetrator** has admitted to anyone that he or she engaged in the **sexual act**; or

d. the **alleged perpetrator** has been implicated by clear and convincing physical evidence (such as, photographic evidence, computer logs, DNA evidence, etc.) that he or she engaged in the **sexual act**.

*Id*. at 202 (emphasis in original).  Finally, the Policy provides the following exclusion for

Sexual Acts Liability Coverage:

### EXCLUSIONS

Each of the exclusions set forth in the Exclusions section of the applicable Commercial Liability Coverage Form (GL-100) and the Liability and Medical Coverage Form (BGL-11) applies to each of the Additional Coverages provided by this endorsement, unless otherwise modified herein. The following exclusions apply to the Additional Coverages of this endorsement.

2. **We** do not pay for **loss** of any kind on behalf of any person who actually or allegedly:

a. participates in any **sexual act**[] or **sexual harassment**; or

      b.  directs any **sexual act**[] or **sexual harassment**; or

      c. knowingly allows any **sexual act** or **sexual** harassment to occur.

*Id*. at 202-203 (emphasis in original).  As defined in the policy, "sexual act" includes "any . . . act undertaken by a person for the purpose of obtaining sexual arousal or sexual gratification."  *Id*. at 199.

    According to the complaint in this Court, the complaint in the Underlying Action alleges that Rogers was an employee of Life Church, Docket Item 1 at ¶ 15; that "the infant plaintiff was unlawfully recorded changing her clothes in Rogers's trailer while attending" a church-sponsored event, *id*. at ¶ 16; and that "Rogers was arrested and criminally charged in connection with the incident," *id*. at ¶ 18.  In its Statement of Undisputed Facts, to which there is now no opposition, Brotherhood Mutual alleges that "Rogers admitted to recording G.B. changing her clothes," Docket Item 19-1 at ¶ 12, and "plead[ed] guilty to Unlawful Surveillance in the Second Degree," *id*. at ¶ 13.

## **LEGAL STANDARD**

    "A motion for summary judgment may be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Soto v. Gaudett*, 862 F.3d 148, 157 (2d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)).  "Summary judgment is appropriate when 'there can be but one reasonable conclusion as to the verdict,' *i.e.*, 'it is quite clear what the truth is,' and no rational factfinder could find in favor of the nonmovant."  *Id.* (first quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), then quoting *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962)).  Conversely, "[s]ummary judgment should be denied if,

when the party against whom summary judgment is sought is given the benefit of all permissible inferences and all credibility assessments, a rational factfinder could resolve all material factual issues in favor of that party." *Id.* "In deciding such a motion, the court cannot properly make credibility determinations or weigh the evidence." *Id.*

As noted above, Rogers has defaulted, and defendant Dodge no longer opposes Brotherhood Mutual's motion for summary judgment. Nevertheless, this Court has reviewed Brotherhood Mutual's motion for summary judgment to determine whether a declaratory judgment is warranted. And the Court concludes that it is.

## **DISCUSSION**

The interpretation of insurance contracts is purely a question of law for the courts. *Alexander & Alexander Services, Inc. v. These Certain Underwriters at Lloyd's London*, 136 F.3d 82, 86 (2d Cir. 1998). "In determining a dispute over insurance coverage, a court starts with the language of the policy itself." *Am. Empire Surplus Lines Ins. Co. v. Colony Ins. Co.*, No. 16-cv-7946 (KBF), 2017 WL 4857595, at *3 (S.D.N.Y. Oct. 25, 2017), *aff'd*, 744 F.App'x 32 (2d Cir. 2018). When a dispute arises involving the terms of an insurance contract, New York insurance law provides that "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Parks Real Estate Purchasing Group v. St. Paul Fire and Marine Insurance Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (quoting *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (internal citations omitted)). "Where the provisions of the policy are unambiguous and understandable, the court is obliged to enforce them as written." *Am. Empire Surplus,* 2017 WL 4857595, at *3, citing *Parks Real Estate*, 472 F.3d at 42.

8

Under the terms of the policy issued by Brotherhood Mutual, there are two possibilities for liability coverage for Rogers as an employee of Life Church: the bodily injury coverage and the sexual act coverage. But neither provides coverage for Rogers here.

"Coverage L" covers damages for "bodily injury" caused by an "occurrence." Docket Item 1-2 at 31. "Bodily injury" specifically excludes "mental or emotional injury, suffering[,] or distress that does not result from a physical injury." *Id*. at 29. But the amended complaint in the Underlying Action does not allege that G.B. suffered any physical injury. *See* Docket Item 20-3. On the contrary, it alleges that G.B. suffered only mental and emotional injuries, such as "serious emotional distress and invasion of privacy, including but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, embarrassment, shame, mortification, hurt feelings, disappointment, suicidal ideation, depression[,] and feelings of powerlessness." Docket Item 20-3 at ¶ 25. For that reason alone, Rogers is not entitled to coverage for bodily injury.

Moreover, the policy excludes coverage for bodily injury caused by the "intentional and malicious acts of the insured." Docket Item 1-2 at 34. And bodily injury coverage is limited to injury caused by an "occurrence," defined as an accident. *Id*. at 29-31. For those reasons as well, there is no bodily injury coverage here.

The policy issued by Brotherhood Mutual to Life Church also covers liability for sexual acts causing personal, bodily, and emotional injuries. Docket Item 1-2 at 199. But while that provision might cover Life Church here, it specifically excludes coverage for an "alleged perpetrator [who] has been determined/declared by any branch of the

9

federal, state[,] or local government to have committed the sexual act." *Id*. at 202. Likewise, it excludes payment for any loss on behalf of any person who actually participates in any sexual act or harassment. *Id*. "Sexual act" includes "any . . . act undertaken by a person for the purpose of obtaining sexual arousal or sexual gratification." *Id*. at 199.

All that explicitly excludes Rogers here. As noted above, Rogers pleaded guilty to unlawful surveillance in the second degree,[3] *see* Docket Item 19-1 at ¶ 13; Docket Item 19-4, and New York courts have generally construed that crime to include the surreptitious recording of a person dressing or undressing for another person's sexual arousal or gratification. *See People v. Newman*, 87 A.D.2d 1348 (4th Dep't 2011); *see also* N.Y. Penal § 250.45 (McKinney 2014). So Rogers has been determined by a branch of the government to have committed a sexual act. What is more, Rogers has admitted participating in the recording. Docket Item 1 at ¶ 46. And even if all that were not true, the parties now do not dispute that the sexual act coverage does not apply to Rogers's conduct.

Therefore, under the plain and unambiguous language of the policy issued by Brotherhood Mutual to Life Church, Brotherhood Mutual has no duty to defend or obligation to indemnify Rogers in connection with the Underlying Action.

---

**CONCLUSION**

For the foregoing reasons, because Dodge no longer opposes Brotherhood Mutual's motion for summary judgment, and in light of Rogers's default, Brotherhood Mutual's motion for summary judgment, Docket Item 19, is granted.  For the same reasons, Dodge's motion for summary judgment, Docket Item 20, is denied.  The Clerk of Court shall enter judgment in favor of Brotherhood Mutual and close this case.

SO ORDERED.

Dated:      March 2, 2023
            Buffalo, New York


                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE